IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                    OPINION AND ORDER

                                Plaintiff,                                     08-cv-34-bbc

     v.

WILLIAM POLLARD,
PETER ERICKSON and
STEVEN SCHMIDT,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Shaheed Madyun is proceeding on his claims that (1) in June 2002 defendant Peter Erickson put plaintiff in segregation because of plaintiff's activities as a jailhouse lawyer and his complaints about prison conditions; (2) defendants William Pollard, Peter Erickson and Steven Schmidt conspired to send plaintiff to segregation in 2005 and 2006 because of his activities as a jailhouse lawyer and his complaints about prison conditions; and (3) in late 2005 or early 2006 defendants Pollard and Erickson induced plaintiff to experience symptoms of a heart attack by placing him in a cell with another prisoner. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. §

1

1997e(a).

Defendants say that plaintiff failed to complete the grievance process for any of these claims. It is not an easy task to identify plaintiff's arguments in response to defendant's motion because he has filed a joint brief that purports to relate to each of the six motions for summary judgment that are pending in each of his six different cases. (These cases were originally filed under one complaint, but I was required to sever them in accordance with Fed. R. Civ. P. 20. George v. Smith, 507 F.3d 605 (7th Cir. 2007).) Recognizing belatedly that his materials were cumbersome and disorganized, plaintiff has filed motions to delay a ruling on summary judgment, dkt. #38, and to allow him to rewrite his brief, dkt. #41, even though he already had submitted three briefs in opposition to defendant's motion. Plaintiff filed identical motions in Madyun v. Kuster, 08-cv-32-bbc. The motions plaintiff filed in this case will be denied for the reasons explained in the May 21 opinion and order in Case No. 08-cv-32-bbc.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the

2

time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.  Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed.  Dixon v. Page, 291 F.3d 485 (7th Cir. 2002); Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002); Pozo, 286 F.3d at 1025.  Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a).  Jones v. Bock, – U.S. – , 127 S. Ct. 910 (2007).

Defendants' motion for summary judgment will be granted.  The evidence submitted by defendants shows that plaintiff never filed a grievance related to his claim that defendant Erickson retaliated against him in 2002.  Plaintiff does not dispute that fact.

Both sides identify one grievance that plaintiff filed related to his claim that defendants retaliated against plaintiff in 2005 and 2006 and induced him to experience the symptoms of a heart attack. Dkt. #24 at 13; dkt. #13 exh. 3ll.  However, that grievance was rejected under Wis. Admin. Code § DOC 310.08(2)(a) because it was related to a conduct report.  (Under § DOC 310.08, issues related to a conduct report must be raised in the context of the disciplinary proceedings.)  In that conduct report, plaintiff was accused of refusing to be celled with another prisoner. Dkt. #11, exh. 2.  (Plaintiff's excuse was that sharing a cell would cause him to have a panic attack.)  Although plaintiff was found guilty of that conduct report, he did not appeal the decision, as he was required to do under Wis.

3

Admin. Code. § DOC 303.76(7).  Because plaintiff did not complete the grievance process, I must conclude that he failed to comply with § 1997e(a).  Burrell, 431 F.3d at 284-85.

ORDER

IT IS ORDERED that

1.  Plaintiff Shaheed Madyun's motions to delay ruling on summary judgment, dkt. #38, and to allow him to refile his brief, dkt. #41, are DENIED.

2.  The motion for summary judgment filed by defendants William Pollard, Peter Erickson and Steven Schmidt, dkt. #9, is GRANTED.  This case is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

3.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 29th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4